*1232 OPINION.
Arundell:
The argument of petitioners that collection is barred is based on their contention that the assessment is invalid because the limitation period had run when the assessment was made on March 13, 1926.
The question of the validity of the waivers filed by reason of their being signed for the respondent by persons other than the respondent himself is disposed of by our opinion in Frederick T. Fleitmann, decided this day. The return in this case having been filed on March 15,1919, the statute of limitations, unless waived, would have *1233 barred assessment after March 15, 1924. The following waivers were executed and filed:
[[Image here]]
Petitioners concede that the waiver of February 9, 1924, was a good waiver and extended the time to February 9, 1925. There is some contention as to the period of extension under the next waiver — that of February 21, 1924, petitioners claiming it was intended to run concurrently with that of February 9, and respondent contending that it extended the period to February 9, 1926. We think the respondent’s view is correct. The second waiver specifically provides that:
This waiver is in effect from the date it is signed by the taxpayer and will remain in effect for a period of one year after the expiration of the statutory period of limitation, or the statutory period of limitation as extended by-any waivers already on file with the Bureau * * *.
As' set out in the findings of fact, the Commissioner’s name had been signed to the first waiver on February 13, 1924, and it was on file in the Bureau when the second was executed by Fleitmann. Accordingly, upon its face, the effect of the second waiver operated to extend the period for assessment and collection to February 9, 1926. It was put in evidence by the respondent in support of his claim that the assessment was timely. Petitioners introduced no evidence whatever to show that the parties in executing the waiver intended anything other than expressed intent of the plain words of the waiver. It was signed by the respondent on February 8, 1926, which was before the expiration date.
The next waiver in the series, dated December 24, 1924, provides that it “ will remain in effect for a period of one year, after the expiration of * * * the statutory period of limitation as extended by section 277 (b) of the Bevenue Act of 1924, or by any waivers already on file with the Bureau.” This extended the period to February 9, 1927, and before that date the assessment was made and notice of deficiency was sent. Consequently, the assessment was timely and collection is not barred. The waivers subsequently given require no discussion.

The proceeding will he restored to the gen-erad calendar for hearing on the merits in due course.